69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Granville L. LEWIS, Defendant-Appellant.
 No. 94-6391.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: CONTIE, NELSON, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a drug/firearm prosecution that presents two issues: (1) whether the district court committed prejudicial error in excluding testimony from the lawyer for a co-defendant concerning the lawyer's advice about a sentence reduction for the co-defendant if he testified against the defendant, and (2) whether the court erred in entering two convictions and imposing two sentences for violations of 18 U.S.C. Sec. 922(g)(1), where one conviction was based on a previously convicted felon's possession of a firearm and the other was based on his possession of ammunition for the firearm.
 
 
 2
 We conclude that any error in the challenged evidentiary ruling was harmless. The government has conceded that the Sec. 922(g)(1) convictions and sentences should have been merged, however, and we shall remand the case so that the district court can effect such a merger.
 
 
 3
 * Defendant Granville Lewis and his co-defendant, Danny Cavins, were stopped by the police after gunshots were reportedly fired from their car. The police found seven 9 millimeter cartridges in defendant Lewis' pocket and a little over 17 grams of crack cocaine in Mr. Cavins' pocket. A 9 millimeter automatic pistol and a .45 calibre semi-automatic pistol were found under the passenger seat of the car.
 
 
 4
 Mr. Lewis was indicted on two counts of violating 18 U.S.C. Sec. 922(g)(1), one count of possessing crack cocaine with intent to distribute it, and one count of carrying a firearm during and in relation to a drug trafficking crime. Mr. Cavins was indicted on one drug count and one firearm count.
 
 
 5
 Mr. Cavins entered into a plea agreement shortly before trial. The prosecution stipulated in the agreement that Mr. Cavins possessed less than 250 milligrams of cocaine, rather than the 17.14 grams actually found on his person. This stipulation was intended to reduce Cavins' guideline sentence range.
 
 
 6
 Mr. Cavins testified at trial that the 9 millimeter pistol and the crack cocaine both belonged to Mr. Lewis. This was the only direct evidence linking Mr. Lewis to the crack cocaine.
 
 
 7
 In an attempt to impeach Cavins' credibility, defense counsel cross-examined him at some length about the plea agreement and the benefit he thought he would receive from it. Mr. Cavins appeared a little confused at times, but readily acknowledged that he expected to get less time in prison because of his agreement to testify. He was not sure how much time he faced before entering into the plea agreement, but he testified that it was "[a]t least probably eight, nine [years]." As a result of the agreement, he said, he was facing "six years at the most."
 
 
 8
 In order to clarify the probable benefits of the plea agreement, defense counsel sought to compel Mr. Cavins' attorney to testify as to what he had told his client on this subject. The court refused to allow the testimony after Mr. Cavins declined to waive the attorney-client privilege.
 
 
 9
 Mr. Lewis was convicted on the first three counts of the indictment and was acquitted on the fourth count. The court sentenced him to imprisonment for 184 months for the drug trafficking offense, 120 months for the firearm offense, and 120 months for the ammunition offense. All three sentences were to be served concurrently.
 
 II
 
 10
 This court has not precisely defined the contours of the attorney-client privilege insofar as statements made by the attorney are concerned. We need not address the question now, because we are satisfied that any error committed in this case by refusing to allow the attorney's testimony was harmless.
 
 
 11
 It appears that the testimony in question would have had only marginal value. Defendant Lewis' attorney was attempting to show that Mr. Cavins had been induced to take the stand by the prospect of a substantially lower sentence. The strength of the inducement depended on what Mr. Cavins thought the plea agreement would do for him.
 
 
 12
 What was relevant was not the objective benefits of the plea bargain, but Mr. Cavins' understanding of what these benefits were--and Mr. Cavins gave direct testimony as to what he understood the benefits to be. His understanding may have been imperfect, but there has been no suggestion that the testimony did not fully reflect what was actually in his mind. The sentencing guidelines are in the public domain, moreover, and defendant Lewis' own lawyer could read them as well as anyone else.
 
 
 13
 The defense was able to present a reasonably clear picture of Mr. Cavins' understanding of the deal. Cavins told the jury that for the agreement to benefit him, he had to testify; that he would receive "less time" as a result of testifying; and that his sentence would be at least 25 percent less (six years, at most, rather than eight or nine years or more) because of his agreement to testify. Whether this was accurate or not, the jury cannot have been in any doubt that Mr. Cavins expected to receive a significantly lighter sentence by reason of his agreement to take the stand. There seems little more that defense counsel could have accomplished with testimony from the attorney about what he had told Cavins the reduction would amount to.
 
 
 14
 Errors concerning the admissibility of evidence are generally not viewed as constitutional errors. United States v. Thomas, 1994 WL 43393, at * 7 (6th Cir. Feb. 11, 1994). "Generally, an error not rising to constitutional significance is harmless 'unless it is more probable than not that the error materially affected the verdict.' " United States v. Philip, 948 F.2d 241, 251 (6th Cir.1991), cert. denied, 504 U.S. 930 (1992). In light of the impeachment evidence elicited from Mr. Cavins himself, we do not believe that the "more probable than not" standard is met here.
 
 
 15
 The government conceded at oral argument that the convictions and sentences for possession of ammunition and possession of a firearm should have been merged. See United States v. Throneburg, 921 F.2d 654, 657 (6th Cir.1990). We therefore REMAND the case to the district court with instructions to proceed accordingly. The convictions are otherwise AFFIRMED. The motions filed by the defendant pro se on June 16, 1995, are DENIED.